(Not for Publication)                                              (Docket Entry No. 115, 116)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| CITIZENS FOR A BETTER LAWNSIDE, Inc., et al., | : |
| Plaintiffs, | : Civil No. 05-4286 (RBK) |
| v. | : **OPINION** |
| MARK K. BRYANT, et al., | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This case has been the subject of extensive motions, a jury trial, and a bench trial. Before the Court are two of the three remaining issues. The first is the claim of Plaintiff Citizens for a Better Lawnside ("Plaintiff" or "Citizens") that the Redevelopment Plan adopted by Defendant the Borough of Lawnside violates the Local Housing and Redevelopment Law, N.J.S.A. § 40A:12A-1 ("LHRL"). This issue was argued and taken under advisement at the close of a bench trial. The second is a post-verdict motion by Defendant to amend the judgment and strike the awards of punitive damages against it. The Court will not decide the third issue, which is Defendant's motions for sanctions based on the conduct of Plaintiff's counsel, until after the current proceedings against Mr. H. E. Lucas in other courts are resolved. For the reasons that follow, the Court finds that Defendant has not violated the LHRL. Additionally, the Court grants

1

Defendant's motion to alter the judgment and strikes the awards of punitive damages against the Borough.

## I.  BACKGROUND

The Court has issued several opinions previously in this case and now sets forth only those facts necessary for resolution of the present issues.  See Citizens for a Better Lawnside v. Bryant, Civ. No. 05-4286, 2006 WL 3825145 (D.N.J. Dec. 22, 2006); 2007 WL 1557479 (D.N.J. May 24, 2007); 2007 WL 4547496 (D.N.J. Dec. 18, 2007).  Beginning on May 5, 2008, trial on some of the issues in this case was held before a jury.  At the close of the evidence, the jury was instructed on the law and on damages, including punitive damages, and was provided with a verdict sheet that included questions as to whether Plaintiffs had proven an entitlement to punitive damages from the Defendant Borough on some of the claims.  On May 22, 2008, the jury returned a verdict, finding (among other things) that Plaintiffs Citizens for a Better Lawnside, Willia Coltrane, and Gloria Reid had proven by a preponderance of the evidence that their constitutional rights were violated by the Borough when Coltrane, Reid, and other individuals requested and were denied copies of CD recordings of a public meeting.  The jury imposed punitive damages on the Borough, with awards of $10,000 to Plaintiff Citizens, $2,500 to Coltrane, and $2,500 to Reid.  On May 28, 2008, the Borough filed a motion to amend the judgment, arguing that punitive damages cannot be imposed upon a municipality.

On May 27, 2008, the Court conducted a bench trial on the remaining issues to be tried. Among other things, the Court heard argument on whether the Borough violated the LHRL, N.J.S.A. §40A:12A-7, because the redevelopment plan at the heart of this case failed to include adequate provision for the temporary and permanent relocation of residents in the affected area.

At the close of the evidence, the Court took the LHRL claim under advisement.

**II.    DISCUSSION**

**A.    Findings of Fact and Conclusions of Law Regarding the LHRL Claim**

The following, pursuant to Federal Rule of Civil Procedure 52, represents the Court's findings of fact and conclusions of law with regard to Plaintiff's claims under the LHRL.

**i.    Findings of Fact**

    a.    New Jersey law requires a municipal redevelopment plan to include "an outline for the planning" of the redevelopment of the project area that includes "[a]dequate provision for the temporary and permanent relocation, as necessary, of residents in the project area, including an estimate of the extent to which decent, safe and sanitary dwelling units affordable to displaced residents will be available to them in the existing local housing market."  N.J.S.A. § 40A:12A-7(a)(3).

    b.    The New Jersey courts do not appear to have had occasion to interpret this provision and determine what level of detail regarding relocation is required.

    c.    The Redevelopment Plan in this case, submitted by the Borough's engineers, Remington and Vernick, contained the following paragraphs regarding the relocation of residents:

> The Redevelopment Agency shall undertake all appropriate relocation measures as required by law pursuant to the Relocation Assistance Law of 1967. . . and the Relocation Assistance Act. . . in the event of displacement of any resident from the relocation area.
> Where existing homes are to be removed in order to facilitate development under the terms of this redevelopment plan, the present owners of those homes should be entitled to a 'right of first refusal' in acquiring new

    homes to be developed elsewhere within the redevelopment area. (Redevelopment Plan, Pls.' Ex. 2.)

ii. **Conclusions of Law**

  a. At least one New Jersey court has emphasized that the plan requires only an "outline" of how redevelopment objectives such as relocation will be met. <u>Bryant v. City of Atlantic City</u>, 707 A.2d 1072, 1084 (N.J. Super. Ct. App. Div. 1998) (finding that "a redevelopment plan was not intended by our Legislature to be as comprehensive and detailed" as documents produced in later phases of the redevelopment process). An outline is sufficient, and great detail regarding the relocation is not required.

  b. The relocation provisions in the Borough's Redevelopment Plan constitute a recognition on the part of the Borough that relocation assistance must be provided and a promise to provide it as required by law. Plaintiff has provided no evidence that any further detail is necessary.

  c. The Redevelopment Plan is only the first step in a lengthy redevelopment process. Potentially displaced residents will have other opportunities to challenge the relocation assistance the Borough provides if it is inadequate.

  d. At this preliminary stage, the Court finds that the Borough's redevelopment plan does not violate N.J.S.A. §40A:12A-7(a)(3).

**B. Defendant's Motion to Amend the Judgment**

  The Borough asks the Court to vacate the punitive damages awarded against it, arguing that settled law prohibits punitive damages from being awarded against a municipality. Plaintiff

contends that the Borough waived this argument by failing to raise it at any point before the issue was submitted to the jury.

It is, in fact, settled law that no punitive damages are allowed against a municipality unless expressly authorized by statute. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 259-60 (1981); Cook Cty, Ill. v. U.S. ex rel. Chandler, 538 U.S. 119, 129 (2003). It is also true that Defendant did not previously argue that the jury should not have been permitted to award punitive damages against the Borough, though multiple opportunities to make this argument existed. Defendant did not raise the issue in its answer, pretrial motions for summary judgment, pretrial motions in limine, at the end of Plaintiffs' evidence, or at the close of the case. Additionally, the Court gave both parties ample opportunity to submit proposed jury instructions and make objections to the draft jury instructions, but Defendant did not object to any of Plaintiff's proposed jury instructions based on a municipality's immunity from punitive damages.

However, Plaintiffs did not mention the issue either and sought punitive damages against the Borough. As noted by another court facing this situation, where "[p]laintiff's counsel, quite erroneously, represented to the district court at the charge conference that punitive damages were permissible against a municipality. . . [t]his does not excuse the negligence of the [municipality's] counsel but it does mean that responsibility for the mistake is shared-a somewhat unusual circumstance." Chestnut v. City of Lowell, 305 F.3d 18, 20 (1st Cir. 2002).

Though the Borough's objections to the jury instructions were therefore not properly raised, the Court has discretion to address the issue now. Federal Rule of Civil Procedure 51(d)(2) permits a court to consider "a plain error in the instructions that has not been preserved as required," but only "if the error affects substantial rights." Here, the error is not that the

instruction given was incorrect; the error is simply that the instruction should not have been given at all, and the jury should not have been permitted to consider awarding punitive damages against the Borough.

The Third Circuit requires reversal for plain error "only where the plain error was fundamental and highly prejudicial, such that the instructions failed to provide the jury with adequate guidance and our refusal to consider the issue would result in a miscarriage of justice." Franklin Prescriptions, Inc. v. New York Times Co., 424 F.3d 336, 339 (3d Cir. 2005). In addition, "error is plain only where the proper course is clear under current law." Id. at 343 (citing United States v. Vazquez, 271 F.3d 93, 100 (3d Cir. 2001)). The Third Circuit has applied the plain error standard to vacate punitive damage awards. Hurley v. Atl. City Police Dept., 174 F.3d 95, 123-24 (3d Cir. 1999) (vacating punitive damage award and remanding for further proceedings where instruction did not give the proper standard for evaluating a punitive damage request in employment context).

In Black v. Stephens, the Third Circuit held that a municipality had waived any objection the imposition of punitive damages based on the City of Newport rule of municipal immunity. 662 F.2d 181, 184 n.1 (1981). City of Newport was decided by the Supreme Court after oral argument had been held in the Black case, and additional briefing on the punitive damage issue was requested. Id. The Third Circuit held that the municipality had waived any argument on municipal immunity, because though there had been objections to the instructions on punitive damages on other grounds, "[a]t no point did counsel for the city indicate that his objection was based on the legal doctrine that punitive damages may not be awarded under § 1983 against a municipality." Id. However, because the case was decided so soon after City of Newport, the

law on this issue was not as settled then as it is now, and the court in <u>Black</u> determined that the plain error rule could not apply.  See <u>City of Newport</u>, 453 U.S. at 257, 256-57 (noting that the "contours of municipal liability. . . are currently in a state of evolving definition and uncertainty" and the "novelty" of the legal issue of whether municipalities could be subject to punitive damages).

On this issue, "the proper course" is now abundantly "clear under current law."  <u>Franklin Prescriptions</u>, 424 F.3d at 343.  See, e.g., <u>Stacey v. City of Hermitage</u>, 178 F. App'x 94, 101 (3d Cir. 2006); <u>Doe v. County of Centre, PA</u>, 242 F.3d 437, 455 (3d Cir. 2001); <u>Bolden v. Southeastern PA Transp. Auth.</u>, 953 F.2d 807, 829 (3d Cir. 1991); <u>Damiani v. West Deptford Twp.</u>, Civ. No. 07-2884, 2008 WL 656041, *4 (D.N.J. Mar. 7, 2008);  <u>Smith v. Hilltown Twp.</u>, Civ. No. 88-2615, 1998 WL 91156, *3-5 (E.D. Pa. Aug. 29, 1988) (collecting cases).  <u>City of Newport</u> is the rule, and punitive damages are not allowed against municipalities.

In addition, the First Circuit has vacated punitive damage awards against municipalities on the grounds of plain error.  See <u>Chestnut</u>, 305 F.3d 18 (vacating damage award against a municipality on plain error grounds, rejecting waiver argument and noting that "one can hardly imagine a competent lawyer choosing to waive protection against punitive damages"); <u>Acevedo-Garcia v. Monroig</u>, 351 F.3d 547, 571 (1st Cir. 2003) (construing <u>Chestnut</u>); <u>Diaz-Fonseca v. Puerto Rico</u>, 451 F.3d 13, 36 (2006) (relying on <u>Chestnut</u> and also noting the culpability of the plaintiffs because "[c]ounsel have a duty to be candid about the law, and the trial court, bearing a heavy caseload, relies on counsel to meet that duty").

The Court concludes that the error was fundamental and the jury should not have been permitted to consider awarding punitive damages against the Borough.  Accordingly, the Court

finds that instructing the jury on punitive damages constituted plain error.  The punitive damages awarded against the Borough will be vacated.  The jury's finding that the Plaintiffs' rights were violated stands.

### III.     CONCLUSION

As detailed above, the Court finds that the Redevelopment Plan does not violate the LHRL.  The Court grants Defendant's motion to amend the judgment and vacates the punitive damages awarded against the Borough.  An accompanying order will issue today.


Dated:  8/7/08                                          /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge